Ruffin, C. J.
 

 This action arises upon the same conveyance, judgments and executions, under which the parties claimed in the case of
 
 Farley
 
 v
 
 Lea,
 
 4 Dev. & Bat. 169; the parties only being reversed. We need but refer to our judgment then given, to dispose of the present case. We then held, upon unquestionable authorities, that judgments, rendered on any day of the term, are by the rules of law deemed complete, and bind to all Intents and purposes, by relation from the first day of the term, and that a
 
 -fieri facias
 
 binds in like manner from its teste: so as to overreach an alienation of property made before the judgment was in fact rendered, or the execution was in fact issued, but after the day to which they relate, as just mentioned. We observe that, on the trial of this cause, those positions were not even •contested on the part of the defendant, and they seem to us decisive of this controversy. It was contended, indeed, that sthe judgments were fraudulent, and so void, because the ef-
 
 *228
 
 feet of them was to defeat the deed from Crockett to Farley, whi°h had ^ee£1 Previously made. The case states the debts to Finley and Lea, as well as that secured by the deed of trustj to be true debts. That being the case, it seems impossible to impute fraud to the judgments, upon any such principle as that supposed. They might be subject to such an imputation, if there was a trust for the debtor, or any ease or favor was intended for him. But nothing of that kind is alleged, but merely that they are dishonest and covinous, because they overreach and defeat the previous deed. But the very circumstance that they do so defeat the deed is conclusive, that they cannot be deemed in law fraudulent; for they have that effect, not from the intent of the parties, but by a rule.of the law itself; and, indeed, the law
 
 deems
 
 the alienation of property subsequent to the teste of a
 
 fieri facias
 
 to be itself fraudulent, since it tends to defeat the process of the law. Instead, therefore, of the party, who claims under Farley, complaining of the judgments, as defeating a prior valid deed, they must blame their own folly in relying on a conveyance, that was not valid as against a judgment, that might be rendered against the maker of the deed, and was so rendered. It is absurd to impute fraud to a security, merely upon the ground,that it is in law the best security, and preferred to a different and more imperfect one made before it. We think, therefore, it would have been more correct, if the court had simply instructed the jury that the plaintiff was entitled to their verdict. The judge, however, thought it right, perhaps from abundant caution, to leave it to the jury, though without evidence as it seems to us, to say whether the object of taking the judgments was to defeat the creditors secured in the deed, and not simply to secure the debts for which the judgments were rendered; and the jury found that against the defendant. He, therefore, has certainly nothing to complain of; and the judgment must be affirmed.
 

 Per Curiam, Judgment affirmed.